J-S03009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ADAMS | : | |
| | : | |
| Appellant | : | No. 951 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004313-2009

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 22, 2023**

Christopher Adams appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").  Appellant's counsel, Gary Server, Esquire, has filed a petition to withdraw and brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  We affirm and grant counsel's petition to withdraw.

Appellant was convicted by a jury of first-degree murder in 2012 for the shooting death of Korey Anderson.  Briefly, the evidence presented at trial established that Appellant believed Mr. Anderson's friend had shot Appellant's friend.  As a result, Appellant told Kenyon Childs on the evening of July 22, 2008, that he was going to "deal with" Mr. Anderson.  Five minutes later, Appellant walked directly toward Mr. Anderson, who was sitting in a chair on a street corner in Philadelphia, "and shot him in the head.  Mr. Anderson fell

to the ground and Appellant stood over him and continued to shoot him repeatedly. Appellant then fled[.]" **Commonwealth v. Adams**, 108 A.3d 107 (Pa.Super. 2014) (unpublished memorandum at 2) (cleaned up). Later that evening, Appellant told Mr. Childs that he had shot Mr. Anderson. Two eyewitnesses identified Appellant as the shooter in statements to the police shortly after the shooting, but both individuals recanted their identifications at trial.[1]

Following Appellant's conviction, the trial court imposed the mandatory sentence of life imprisonment without parole and denied Appellant's post-sentence motions. On direct appeal, this Court affirmed his judgment of sentence. **See id**. Appellant did not timely file a petition for allowance of appeal ("PAA") with our Supreme Court. After his right to file a PAA *nunc pro tunc* was reinstated, Appellant filed a PAA, which our Supreme Court denied. **See Commonwealth v. Adams**, 145 A.3d 722 (Pa. 2016). Of particular relevance to the instant appeal, we note that Bobby Hoof, Esquire, represented Appellant throughout the aforementioned proceedings.

The PCRA petition that is the subject of this appeal was timely filed by Appellant *pro se*. Appellant raised three claims of ineffective assistance of counsel against Attorney Hoof, namely: (1) failing to investigate potential eyewitness Michael Harris; (2) failing to request a cautionary eyewitness jury

---

[1] This recitation of the evidence established at trial is based upon Appellant's second jury trial for the murder of Mr. Anderson. The jury was unable to reach a unanimous decision at the conclusion of the first trial.

- 2 -

instruction pursuant to *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954); and (3) erroneously advising Appellant that his juvenile firearms adjudication would be admissible as impeachment evidence if he testified. *See Pro Se* PCRA Petition, 5/2/17, at 2-3. Appellant attached a letter from Mr. Harris, dated January 7, 2016, wherein Mr. Harris stated that he was present at the shooting and that Appellant was not the individual who shot and killed Mr. Anderson.

The PCRA court appointed new counsel, who filed an amended petition raising an additional claim of after-discovered evidence pertaining to Mr. Harris's letter. *See* Amended PCRA Petition, 4/10/18, at 3. Appellant's first PCRA counsel passed away and, ultimately, Attorney Server was appointed and filed a supplemental petition reasserting Appellant's three original ineffectiveness claims.[2] *See* Supplemental PCRA Petition, 12/31/19, at 2. Subsequently, Attorney Server submitted a certification from Mr. Harris attesting to the truthfulness of the contents of the January 7, 2016 letter. *See* Certification, 5/28/21.

After a significant delay due to the COVID-19 pandemic, the PCRA court held an evidentiary hearing on the after-discovered evidence claim, as well as the alleged ineffective assistance of Attorney Hoof for failing to call Mr. Harris

---

[2] While it is unclear from our review of the certified record whether this supplemental petition was filed with leave of court, since the PCRA court did not strike the supplement and in fact considered the merits of the claims raised therein, we deem the PCRA court to have implicitly granted leave to file the supplement. *See Commonwealth v. Brown*, 141 A.3d 491, 503-04 (Pa.Super. 2016).

as a witness and advising Appellant that he could be impeached with his juvenile adjudication. In that regard, the court heard testimony from Appellant, Attorney Hoof, and Mr. Harris. At the conclusion of the hearing, the PCRA court denied Appellant's PCRA petition.[3]

This timely filed appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. As noted, Attorney Server has filed a **Turner**/**Finley** brief and motion to withdraw as counsel. Although counsel notified Appellant of these filings, he has not responded. Attorney Server's brief presents the following issue for our consideration:

> Whether the PCRA court erred when it dismissed the petition where the Appellant provided that trial counsel was ineffective for misadvising the Appellant about the effect of [his juvenile] conviction upon the Appellant's ability to testify at trial and where counsel failed to locate, to interview and to call to testify an after

---

[3] The PCRA court dismissed Appellant's ineffectiveness claim pertaining to **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954) without a hearing. As the PCRA court held a hearing on the remaining claims, Rule 907 notice was not required prior to dismissal if Appellant "had ample notice and ample opportunity to set forth the material facts that, in his view, remained at issue and accordingly justified an evidentiary hearing." **Commonwealth v. Hutchinson**, 25 A.3d 277, 322 (Pa. 2011). Instantly, the court's decision to dismiss the **Kloiber** claim without a hearing was not specifically discussed in any pre-hearing order of court, on the record at the hearing, or in the order dismissing Appellant's PCRA petition. Therefore, the record before us does not establish whether Appellant had ample notice and opportunity with respect to the court's dismissal of his **Kloiber** claim without a hearing. We need not explore this quandary further, however, because Appellant waived his **Kloiber** issue on appeal by failing to include it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Turner**/**Finley** brief at 8 n.* (acknowledging that "counsel inadvertently neglected to raise the **Kloiber** claim" in Appellant's Rule 1925(b) statement). Thus, we agree with counsel that there is no merit to the **Kloiber** claim on appeal, albeit on different grounds.

acquired witness, whom counsel should have known about, Michael Harris?

***Turner*/*Finley*** brief at 6 (capitalization altered).

Since Attorney Server filed a petition to withdraw pursuant to ***Turner*/*Finley***, we must first address counsel's compliance with the attendant procedural requirements:

> Counsel petitioning to withdraw from PCRA representation . . . must review the case zealously. ***Turner*/*Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner*/*Finley****,* the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510-11 (Pa.Super. 2016) (cleaned up).

Upon review, we conclude that counsel has satisfied these technical requirements. Therefore, we now turn to our own merits review to determine whether the PCRA court erred in dismissing Appellant's PCRA petition. We do so mindful of our well-settled standard of review:

> When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to

determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mojica***, 242 A.3d 949, 953 (Pa.Super. 2020) (cleaned up).

Appellant's PCRA claims all implicate the effective assistance of Attorney Hoof. Thus, our review is also guided by the following principles. "When reviewing claims of ineffective assistance of counsel, courts must presume that counsel provided effective assistance." ***Id***. at 955 (cleaned up). In order to overcome this presumption, a petitioner must "plead and prove that (1) the claim has arguable merit; (2) counsel lacked any reasonable basis for the action or inaction; and (3) the petitioner suffered prejudice as a result." ***Id***. (cleaned up). "Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim." ***Id***. (cleaned up).

Appellant's proposed argument is two-fold: the PCRA court erred in dismissing Appellant's PCRA petition because Attorney Hoof was ineffective for advising Appellant that his juvenile adjudication could be used to impeach him if he testified and failing to call Mr. Harris as a witness.[4] ***See Turner/Finley*** brief at 25-29. We begin with the principles surrounding a PCRA claim that a

_____

[4] Counsel also addresses the PCRA court's dismissal of Appellant's ***Kloiber*** claim, concluding that it lacks merit. ***See Turner/Finley*** brief at 18-25. As noted, this claim is waived on appeal because it was not included in Appellant's Rule 1925(b) statement.

- 6 -

petitioner waived his right to testify at trial based upon the erroneous advice of counsel. In considering whether a petitioner was prejudiced by counsel's ineffectiveness, the question is "whether the result of the waiver proceeding would have been different absent counsel's ineffectiveness, not whether the outcome of the trial itself would have been more favorable had the defendant taken the stand." *Commonwealth v. Washington*, 269 A.3d 1255, 1264 (Pa.Super. 2022) (*en banc*) (cleaned up).

At the evidentiary hearing, Attorney Hoof and Appellant offered diametrically opposed testimony with respect to Appellant's decision not to testify. According to Attorney Hoof, Appellant never indicated that he wanted to testify. Moreover, he maintained that he told Appellant that the juvenile firearms adjudication would not be admissible at trial. *See* N.T., 3/4/22, at 16-18. After discussing the evidence that would be presented to the jury, Attorney Hoof testified that he and Appellant strategized and decided that Appellant would not testify. *Id*. at 17.

Contrarily, Appellant averred that he wanted to take the stand to present an alibi defense but Attorney Hoof "repeatedly told [him] that if [he] testified that [he] would be impeached due to [his] juvenile gun conviction[.]" *Id*. at 50; *see also id*. at 51, 53. Appellant claimed that he only elected not to testify because he did not want the jury to see him as someone who carries guns. *Id*. at 52, 63.

The PCRA court credited the testimony of Attorney Hoof that he knew the juvenile adjudication would not be admissible and, as a result, found

Appellant's testimony that Attorney Hoof advised him otherwise to not be credible. **See** N.T., 3/4/22, at 119. The PCRA court explained in its Rule 1925(a) opinion that "[b]ecause the court found as a fact that [Attorney] Hoof did not give misinformation to [Appellant], the court held that there was no basis for [Appellant's] claim that he received ineffective assistance of counsel in connection with his decision to waive his right to testify." PCRA Court Opinion, 6/8/22, at 7 (cleaned up).

The PCRA court's credibility determinations and findings of fact are supported by the record. Essentially, Appellant's claim is a challenge to the PCRA court's credibility determinations. This Court is bound by the PCRA court's credibility determinations where, as here, they are supported by the record. **See Mojica**, **supra** at 956 (related to findings or credibility determinations). Accordingly, we conclude that the PCRA court did not err in denying this claim.

Turning to Attorney Hoof's alleged ineffectiveness for failing to call Mr. Harris as a witness at Appellant's jury trial, we note that we are guided by the following principles. To prove arguable merit for a claim that counsel was ineffective for not calling a witness at trial, a petitioner must establish (1) the existence and availability of the witness; (2) that counsel was aware of the witness, (3) the witness was willing and able to testify on the petitioner's behalf, and (4) the petitioner was prejudiced by the absence of the proposed testimony. **See Commonwealth v. Gibson**, 951 A.2d 1110, 1133 (Pa. 2008). Further, the petitioner must demonstrate that the witness's

"testimony would have been beneficial under the circumstances of the case." **Id**. at 1134 (cleaned up).

In the case *sub judice*, the PCRA court heard testimony as to this issue from Attorney Hoof and Mr. Harris. Attorney Hoof testified that he saw Mr. Harris's name in the police activity sheets and that a defense witness, Madeline Nixon, mentioned having seen Mr. Harris around the time of the shooting but that he had walked away prior to the actual shooting. **See** N.T., 3/4/22, at 19, 33-34. Attorney Hoof relayed further that the activity sheets indicated Mr. Harris was a friend of Mr. Anderson, he had not provided a statement to police regarding the identity of the shooter, and Appellant had never mentioned him. **Id**. at 30. Based on the foregoing, Attorney Hoof testified that he had no reason to believe that Mr. Harris had witnessed the shooting and therefore no reason to believe that he had any exculpatory information. **Id**. at 36; **see also id**. at 42 (explaining that he did not "explore [Mr. Harris] because [he] didn't feel like it would help him").

At the hearing, Mr. Harris admitted to writing the January 7, 2016 letter and signing the certification. **Id**. at 68-70, 83. However, Mr. Harris testified bluntly that "the truth of the matter" was that he was not at the scene when Mr. Anderson was shot, that he did not meet Appellant until they were in prison together, and he only knew that Appellant was in prison for Mr. Anderson's murder because Appellant told him as much. **Id**. at 84; **see also id**. at 68 ("I didn't see anything. I was talking to [Mr. Anderson] and I walked away. I got off the block and I heard some shots. When I turned around, I

- 9 -

seen him on the ground. I was stuck at the corner when I seen him laying like that. And that was, like, it."), 74 (reiterating, when testifying that portions of the letter were false, that "I didn't see [Mr. Anderson] get shot, so I didn't see nobody creeping up on him").

At the conclusion of the hearing, the PCRA court credited the testimony of Attorney Hoof and found that "it was within the realm of reasonable defense counsel investigation of a case not to follow up with Mr. Harris based on what was in the activity sheets, based on Ms. Nixon's statement, and based on what his theory of the case was." *Id*. at 120. Moreover, the court found that Appellant could not establish prejudice because Mr. Harris "would not have an impact on the case." *Id*. The court found that "[h]e basically said he knew nothing at all that would tend to exonerate [Appellant], that he didn't see what happened." *Id*. at 120-21. In fact, the court made "a finding, he was utterly, a hundred percent incredible, unbelievable witness in every regard and would not have impacted the case." *Id*. at 121; *see also* PCRA Court Opinion, 6/8/22, at 9 ("Mr. Harris was completely incredible, and in any event, offered no testimony that was helpful to the defense. Accordingly, [Attorney] Hoof could not have been ineffective for failing to locate, interview and call Mr. Harris as a trial witness." (cleaned up)). Finally, the court rejected the after-discovered evidence claim as to Mr. Harris because "[n]obody could possibly have been swayed by what we just heard out of the mouth of Mr. Harris." N.T., 3/4/22, at 121.

Once again, Appellant takes issue with the PCRA court's credibility determinations, contending that the court should have credited Mr. Harris's letter and certification over his testimony at the evidentiary hearing. ***See Turner/Finley*** brief at 28 ("Appellant's position was that [Mr.] Harris was not truthful in court and that the PCRA court should have believed the representations made in the letter and the certification and thus concluded that [Mr.] Harris was indeed an exculpatory witness[.]" (cleaned up)). Since the PCRA court's credibility determinations are supported by the record, we are bound by them. Accordingly, Appellant has failed to establish prejudice or that Attorney Hoof acted unreasonably. Therefore, we conclude that the PCRA court did not err in denying this claim.

Based upon the foregoing, we concur with Attorney Server's conclusion that Appellant's claims are meritless. Therefore, we grant counsel's petition to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed. Gary Server, Esquire's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

- 11 -